**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **ROY DAVIS,** | § | |
| | § | |
| ***Plaintiff,*** | § | |
| **v.** | § | **EP-25-CV-00599-DB-ATB** |
| | § | |
| **COUNTY OF EL PASO, TEXAS, *et al.*** | § | |
| | § | |
| ***Defendant.*** | § | |

**REPORT AND RECOMMENDATION**

Before the Court is Defendants District Attorney James Montoya and Assistant District Attorney Amy Monsivais's (together the DA Defendants) "Motion to Dismiss under Rule 12(b)(1) and (6)" (ECF No. 12). Pursuant to 28 U.S.C. § 636, the Honorable Senior District Judge David Briones referred the motion to the undersigned Magistrate Judge.[1] For the reasons that follow, the motion should be granted.

## I. BACKGROUND

### A. Factual Background

The following facts are drawn primarily from Plaintiff Roy Davis's complaint and to some extent, from his other submissions,[2] and in this posture, they are accepted as true.

Davis served as a law enforcement officer at the El Paso Police Department for several decades until September 2002.[3] In November 2015, he was hired by the then-judge of the

[1] Order Referring to Mag. J., ECF No. 81.

[2] The Court consults other documents, including briefs, submitted by Davis for additional factual details that flesh out the "who, what, when, and where" of certain alleged events that are narrated, though somewhat incompletely, in his complaint.

[3] Compl. for Violation of Civil Rights at ¶¶ 14–15, 21 [hereinafter Compl.], ECF No. 1.

district court for the 383rd Judicial District of Texas, located in El Paso County, to work as a court bailiff in the judge's court.[4] After the conclusion of the judge's judicial service in December 2020, Defendant Marlene Gonzalez, the judge of the district court for the 388th Judicial District of Texas, also located in El Paso County, hired Davis to be her bailiff "after [she] heavily recruit[ed] him."[5] Davis started working as Judge Gonzalez's bailiff in January 2021.[6]

On or about May 22, 2024, Judge Gonzalez pushed a panic alarm button mounted to her judicial bench in her courtroom, and she did so without a bona fide emergency.[7] And that caused Davis and other law enforcement officers to respond.[8] According to Davis, Judge Gonzalez committed a felony offense of initiating a false alarm in violation of Texas Penal Code § 42.06.[9]

---

[4] Compl. at ¶ 17; Pl.'s Resp. to [Cnty.] Def.'s Mot. to Dismiss Under R. 12(b)(1) & (6) at 5 [hereinafter Pl.'s Resp. to Cnty.'s Mot.], ECF No. 8.

[5] Compl. at ¶¶ 6, 17; Pl.'s Resp. to Cnty.'s Mot. at 5.

[6] Compl. at ¶ 19; Pl.'s Resp. to Cnty.'s Mot. at 5.

[7] Compl. at ¶¶ 6, 19; *see also* Pl.'s Resp. to Cnty.'s Mot. at 5, 7; *id.* Ex. B at 3, 6 (pinpoint citations to Exhibit B are based on the page numbers assigned to the exhibit by the Court's Case Management and Electronic Case Filing system), ECF No. 8-3. Exhibit B, entitled "Texas Court Incident Report," appears to be a report that Davis submitted to the Office of Court Administration of the Texas Judicial System regarding the false-alarm incident. *See* Pl.'s Resp. to Cnty.'s Mot. at 7 (stating "[a] true copy of the filed Texas Court Security Incident Report is incorporated as Exhibit[] B"). The report is referenced in his complaint, Compl. at ¶ 6, and so, the Court draws facts from it, *see Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) ("A court is permitted . . . to rely on documents incorporated into the complaint by reference." (internal quotes omitted)).

[8] Pl.'s Resp. to Cnty.'s Mot. at 5.

[9] Compl. at ¶ 6; Pl.'s Resp. to Cnty.'s Mot. at 5, 24; Pl.'s Resp. to Defs. James Montoya & Amy Monsivais's Mot. to Dismiss Under R. 12(b)(1) & (6) at 2 [hereinafter Pl.'s Resp. to DA's Mot.], ECF No. 15. Section 42.06(a)(1) of the Texas Penal Code provides that "[a] person commits an offense if he knowingly initiates, communicates or circulates a report of a present, past, or future bombing, fire, offense, or other emergency that he knows is false or baseless and that would ordinarily[,]" *inter alia*, "cause action by an official or volunteer agency organized to deal with emergencies." Tex. Penal Code Ann. § 42.06(a)(1).

Immediately after the incident, Davis reported "a felony-grade criminal offense" to Michael Schulte, a deputy with the El Paso County Sheriff's Office, who also responded to the false-alarm incident.[10] Further according to Davis, being a certified peace officer and court security specialist, he had the responsibility of filing an incident report with the Office of Court Administration of the Texas Judicial System.[11] But Judge Gonzalez told him not to file such a report and threatened to terminate his employment if he did so.[12] Undeterred, Davis filed an incident report with that Office.[13] Upon learning that Davis filed the report, Judge Gonzalez terminated him on May 31, 2024.[14]

In October 2024,[15] Davis sued El Paso County in the 384th Judicial District Court for violations of the Texas Whistleblower Act, Tex. Gov't Code §§ 554.001–.010.[16] In that lawsuit,

[10] Compl. at ¶¶ 6, 19, 24; Pl.'s Resp. to Cnty.'s Mot. at 2.

[11] Compl. at ¶ 6.

[12] *Id.* at ¶¶ 6, 19; Pl.'s Resp. to Cnty.'s Mot. at 9–10.

[13] Compl. at ¶¶ 6, 24–25.

[14] *Id.* ¶¶ 6, 19, 25; Pl.'s Resp. to Cnty.'s Mot. at 13.

[15] *See Davis v. Cnty. of El Paso, Texas*, No. 2024DCV4723 (384th Dist. Ct., El Paso County, Tex.), *cited in* [Cnty.] Def.'s Mot. to Dismiss Under R. 12(b)(1) & (6) at 5 [hereinafter Cnty.'s Mot.], ECF No. 7, *and* Pl.'s Resp. to Cnty.'s Mot. at 8; *see also* Compl. at ¶ 11 (alleging facts about the case).

The electronic docket of Davis's state court lawsuit is publicly available online at an El Paso County website. *See* https://portal-txelpaso.tylertech.cloud/PublicAccess/default.aspx (click "Civil, Family & Probate Case Records" and then enter "2024DCV4723" in the "Case Number" field) (last visited Aug. 25, 2026). From the docket, the Court takes judicial notice of the dates of certain judicial proceedings and dispositions in that case. *See Stiel v. Heritage Numismatic Auctions, Inc.*, 816 F. App'x 888, 892 (5th Cir. 2020) (stating that Federal Rule of Evidence 201 "authorizes the court to take judicial notice of 'adjudicative facts,' not legal determinations" and concluding that the district court was allowed to take judicial notice of the state court's final judgment and docket as matters of public record); *accord Miller v. Dunn*, 35 F.4th 1007, 1013 (5th Cir. 2022); *see also Paez v. Sec'y, Florida Dep't of Corr.*, 947 F.3d 649, 652 (11th Cir. 2020) (concluding that the dates that the district court noticed from online state court dockets constitute judicially noticeable facts under Rule 201).

[16] Pl.'s Resp. to Cnty.'s Mot. at 8–9. The Texas Whistleblower Act makes it unlawful for a "state or local governmental entity [to] suspend or terminate the employment of, or take other adverse personnel

El Paso County Attorney Christina Sanchez and Assistant County Attorney John Untereker represented the County—just as they are in this case.[17] After the presiding judge recused himself/herself, Yvonne Rodriguez[18] was appointed as the visiting judge to the case.[19] At a hearing held on El Paso County's plea to jurisdiction, Davis alleges, Judge Rodriguez ordered his counsel to add Judge Gonzalez as a defendant and ordered El Paso County to submit an amended plea to jurisdiction.[20] Judge Gonzalez was added to the lawsuit, and the county attorneys submitted an amended plea to jurisdiction.[21] In July 2025,[22] Judge Rodriguez granted the County's amended plea and dismissed Davis's claims against the County with prejudice.[23]

Meanwhile, Davis reported the false-alarm incident to the Texas Rangers, who conducted an investigation and referred the case to the El Paso County District Attorney's Office.[24] Bill Hicks, who was the District Attorney at the time, declined the case, "referring to [Judge]

---

action against, a public employee who in good faith reports a violation of law by the employing governmental entity or another public employee to an appropriate law enforcement authority.'" Tex. Gov't Code Ann. § 554.002(a); *see also Crampton v. Weizenbaum*, 757 F. App'x 357, 363 (5th Cir. 2018).

[17] Compl. at ¶ 11.

[18] Judge Rodriguez is a former justice of the Eighth Court of Appeals of Texas. *See* Ballotpeida, https://ballotpedia.org/Yvonne_Rodriguez (last visited Aug. 25, 2026).

[19] Compl. at ¶ 11.

[20] *Id.*; Pl.'s Resp. to DA's Mot. at 3.

[21] Compl. at ¶ 11; Pl.'s Resp. to DA's Mot. at 3.

[22] *See* https://portal-txelpaso.tylertech.cloud/PublicAccess/default.aspx (click "Civil, Family & Probate Case Records" and then enter "2024DCV4723" in the "Case Number" field) (last visited Aug. 25, 2026); *see also supra* text accompanying note 15.

[23] Compl. at ¶ 11.

[24] *Id*. at ¶ 10.

Gonzalez's felonious actions as 'no big deal.'"[25] Subsequently, when Defendant Montoya became the District Attorney in 2025, Davis again requested prosecution of Judge Gonzalez from the District Attorney's Office.[26] Once again, the case was referred to the Texas Rangers, who completed another investigation and submitted their findings to the District Attorney's Office.[27] In August 2025, Defendant Assistant District Attorney Monsivais notified Davis over the phone that the District Attorney's Office was choosing not to pursue criminal charges against Judge Gonzalez; she gave no explanation.[28] Davis received a follow-up letter penned by Monsivais stating the same decision without any explanation.[29]

**B. Procedural Background**

On December 1, 2025, Davis, proceeding *pro se*, brought this lawsuit against the DA Defendants.[30] Davis also named as defendants multiple entities and individuals, including El Paso County and Judge Gonzalez;[31] these other defendants are not parties to the present motion filed by the DA Defendants. Davis asserts various claims under 42 U.S.C. § 1983.[32] He seeks declaratory judgment and monetary damages, including punitive damages.[33]

---

[25] *Id.*

[26] *Id.* at ¶ 12; Pl.'s Resp. to DA's Mot. at 2.

[27] Compl. at ¶ 12; Pl.'s Resp. to DA's Mot. at 2.

[28] Pl.'s Resp. to DA's Mot. at 8.

[29] *Id.*; Compl. at ¶ 12.

[30] Compl. at ¶ 3.

[31] *Id.*

[32] *Id.* at ¶ 9.

[33] *Id*. at 10–11 (page citation).

On February 2, 2026, the DA Defendants filed the instant motion. On February 21, 2026, Davis filed his response to the motion. And on July 15, 2026, Judge Briones referred this motion to the undersigned Magistrate Judge.

## II. STANDARD

### A. Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to challenge the subject matter jurisdiction of the district court to hear a case, *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001), or to adjudicate a particular claim, *Matter of Benjamin*, 932 F.3d 293, 295 (5th Cir. 2019); *Griener v. United States*, 900 F.3d 700, 703 (5th Cir. 2018). "Dismissals for lack of Constitutional standing are granted pursuant to Rule 12(b)(1)." *Moore v. Bryant*, 853 F.3d 245, 248 n.2 (5th Cir. 2017). In ruling on a Rule 12(b)(1) motion, the court "accept[s] as true all well-pleaded allegations set forth in the complaint and construe[s] those allegations in the light most favorable to a plaintiff." *Burnett Specialists v. Cowen*, 140 F.4th 686, 693 (5th Cir. 2025).

### B. Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to seek dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To withstand a Rule 12(b)(6) motion to dismiss, a complaint must "plead 'enough facts to state a claim to relief that is plausible on its face' and to 'raise a right to relief above the speculative level.'" *Cambric v. City of Corpus Christi*, 170 F.4th 321, 324 (5th Cir. 2026) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). The pleaded facts must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In ruling on a Rule 12(b)(6), the court must "accept[] all well-pleaded facts as true and must consider those facts in the light most favorable to the plaintiff." *Romero v. City of Grapevine, Texas*, 888 F.3d 170, 176 (5th Cir. 2018). But it "do[es] not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Heinze v. Tesco Corp.*, 971 F.3d 475, 479 (5th Cir. 2020) (internal quotes omitted). The court's task on a Rule 12(b)(6) motion is "to determine whether the plaintiff has stated a *legally cognizable claim* that is *plausible*, not to evaluate the plaintiff's likelihood of success." *Doe* ex rel. *Magee v. Covington Cnty. Sch. Dist.*, 675 F.3d 849, 854 (5th Cir. 2012) (en banc) (emphasis added).[34]

### C. *Pro Se* Documents

Davis is proceeding *pro se* in this case. Courts must liberally construe complaints and briefs of *pro se* litigants and apply less stringent standards to parties proceeding *pro se* than to parties represented by counsel. *Mendoza-Tarango v. Flores*, 982 F.3d 395, 399 (5th Cir. 2020); *Melot v. Bergami*, 970 F.3d 596, 599 n.12 (5th Cir. 2020). Even so, a *pro se* litigant must brief the issues and arguments. *Bourne v. Gunnels*, 921 F.3d 484, 490 (5th Cir. 2019); *Alexander v. Verizon Wireless Servs., L.L.C.*, 875 F.3d 243, 248 n.10 (5th Cir. 2017). "[C]onclusory statements are insufficient, even for a *pro se* litigant." *Abram v. McConnell*, 3 F.4th 783, 787 (5th Cir. 2021) (internal quotes and ellipses omitted).

## III. DISCUSSION

Against the DA Defendants (in fact, all defendants), Davis asserts claims under 42 U.S.C. § 1983 for deprivation of his rights under the Fifth and Fourteenth Amendments to the U.S.

---

[34] *See also Frith v. Guardian Life Ins. Co. of Am.*, 9 F. Supp. 2d 734, 737–38 (S.D. Tex. 1998) ("Dismissal can be based either on a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.").

Constitution.[35] *See* 42 U.S.C. § 1983 (providing for a cause of action when a "person" acting under the color of law deprives an individual of rights secured by the "Constitution and laws"). Specifically, as mentioned, Davis believes that Judge Gonzalez committed a felony offense of initiating a false alarm in violation of Texas Penal Code § 42.06,[36] and in his response to the DA Defendants' motion, he lists four other penal codes that he believes Judge Gonazlez violated.[37] He asserts that he was a victim of these crimes.[38] Because the DA Defendants declined to prosecute Judge Gonzalez for these crimes, he claims that under color of law, the DA Defendants violated his civil rights by denying him equal protection under the law as a victim of Judge Gonzalez's actions.[39]

The DA Defendants move to dismiss Davis's claims against them on two main grounds: (1) Davis lacks standing to bring his claims on the basis that he was a crime victim,[40] and (2) in the alternative, the DA Defendants enjoy absolute prosecutorial immunity and therefore, Davis's claims are barred.[41] Below, the Court address each in turn.

**A. Standing**

"The district courts of the United States are courts of limited jurisdiction, defined (within constitutional bounds) by federal statute." *Badgerow v. Walters*, 596 U.S. 1, 7 (2022). Among

---

[35] Compl. at 9 (page citation).

[36] *Id*. at ¶ 3.

[37] Pl.'s Resp. to DA's Mot. at 2 (listing Penal Code §§ 35.05, 36.03, 36.06, 39.02).

[38] *Id.* at 2, 6.

[39] Compl. at ¶ 12; Pl.'s Resp. to DA's Mot. at 11–12.

[40] Defs. James Montoya & Amy Monsivais's Mot. to Dismiss Under R. 12(b)(1) & (6) at 8 [hereinafter DA's Mot.], ECF No. 12.

[41] *Id.* at 1, 5.

the most fundamental limits on federal jurisdiction is "the doctrine of standing," which "derives from the case-or-controversy requirement" of Article III. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 337–38, 340–41 (2016). Both the Supreme Court and the Fifth Circuit have made clear that "a citizen does not have standing to challenge the policies of the prosecuting authority unless []he h[im]self is prosecuted or threatened with prosecution." *Lefebure v. D'Aquilla*, 15 F.4th 650, 652 (5th Cir. 2021) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 617–19 (1973)). Under this established principle of standing, "a crime victim may not challenge a prosecutor's failure to investigate or prosecute [his] perpetrator." *Id.* As a result, "courts across the country have dutifully enforced this rule in case after case—refusing to hear claims challenging the decision not to investigate or prosecute another person." *Id.* at 655 (collecting cases). Accordingly, the Court concludes that Davis, as an alleged victim of crimes, lacks standing to sue the DA Defendants for their decision not to prosecute Judge Gonzalez.

In his response to the DA Defendants' motion, Davis does not address the standing issue. But he makes other allegations. Davis asserts that Monsivais declined to prosecute Judge Gonzalez based on "personal and political factors."[42] He alleges that an indictment and possible conviction of Judge Gonzalez would have strengthened his state-court lawsuit against El Paso County (recall, that's where Davis sued the County under the Texas Whistleblower Act).[43] He says that Monsivais's domestic partner, also an assistant district attorney, sued the County at the same time as Davis's Whistleblower case was proceeding.[44] Davis says that Monsivais chose not to prosecute Judge Gonzalez to put herself in "good favor" with the El Paso County

[42] Pl.'s Resp. to DA's Mot. at 1.

[43] *Id.* at 9.

[44] *Id.*

Attorney's Office.[45] He adds that Monsivais's decision not to prosecute proved to be financially beneficial to her in that the county funds preserved by weakening his lawsuit (because Judge Gonzalez was not prosecuted) were later used to settle her domestic partner's case.[46]

*Lefebure* is instructive. There, the Fifth Circuit concluded that the plaintiff, a victim of rapes and sexual assaults, lacked standing to sue the district attorney based on the attorney's failure to prosecute or even investigate her assailant. *Lefebure*, 15 F.4th at 655. The plaintiff nonetheless insisted that her case should be heard because the district attorney's decision not to prosecute was based on a broader, discriminatory non-prosecution policy. *Id.* at 655–56. Her complaint asserted allegations of a conspiracy between various officials and attorneys, including the district attorney, to shield her assailant from prosecution: a series of conspiratorial meetings to discuss the assailant's case; an agreement that the assailant was telling the truth and the plaintiff was lying; and a strategy to conceal the conspiracy. *Id.* at 656. But the Fifth Circuit did not waver on its conclusion that the plaintiff lacked standing. *Id.* at 656–57.

Nor does this Court. Davis's claims against the DA Defendants should be dismissed without prejudice. *See Quiroz v. Hernandez*, 167 F.4th 254, 269 (5th Cir. 2025) ("[D]ismissals based on lack of standing must be dismissed without prejudice.").

**B. Prosecutorial Immunity**

"Prosecutors are absolutely immune from § 1983 suits in their individual capacities for actions that are within the scope of their prosecutorial duties." *Quinn v. Roach*, 326 F. App'x 280, 292 (5th Cir. 2009) (citing *Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976)); *accord Quiroz*, 167 F.4th at 269. "The decision to file or not file criminal charges is protected by

[45] *Id.*

[46] *Id.*

prosecutorial immunity." *Quinn*, 326 F. App'x at 292 (citing *Oliver v. Collins*, 904 F.2d 278, 281 (5th Cir. 1990)). So, Davis's claims against the DA Defendants in their individual capacity are barred by prosecutorial immunity.

In his response to the DA Defendants' motion, Davis argues that the DA Defendants do not enjoy prosecutorial immunity in this case because Monsivais's decision not to prosecute Judge Gonzalez was not about representing the State of Texas in the best interest of the public, but it was about "other personal and political factors."[47] As mentioned above, *see* Part III(A), *ante*, Davis alleges that Monsivais declined to prosecute Judge Gonzalez to curry favor with the El Paso County Attorney's Office and that her decision facilitated a settlement payout for her partner from the county funds. However, a prosecutor's "decision not to prosecute, even when motivated by reprehensible and abhorrent reasons, is protected" by prosecutorial immunity." *Morrison v. City of Baton Rouge*, 761 F.2d 242, 248 (5th Cir. 1985) (discussing *McGruder v. Necaise*, 733 F.2d 1146, 1148 (5th Cir. 1984)); *see also Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 739 (5th Cir. 2019) ("A prosecutor remains entitled to absolute immunity even if he or she acted maliciously, wantonly, or negligently." (internal quotes and brackets omitted)).

Further, in his response to El Paso County's motion to dismiss, which is currently pending, Davis indicates that he is asserting a conspiracy claim against Monsivais based on the same allegations[48]—though he does not mention the claim in his response to the DA Defendants' motion. Because her decision to file or not file criminal charges is protected by prosecutorial immunity, Monsivais "is absolutely immune from a civil conspiracy charge when [her] alleged participation in the conspiracy consists of otherwise immune acts." *Reasonover v. St. Louis*

[47] Pl.'s Resp. to DA's Mot. at 1, 3.

[48] Pl.'s Resp. to Cnty.'s Mot. at 18–19.

*Cnty., Mo.*, 447 F.3d 569, 580 (8th Cir. 2006). Davis's conspiracy claim against Monsivais is also barred.

Finally, in their motion, the DA Defendants argue that Davis does not allege that Montoya took any part in Monsivais's decision not to accept the criminal complaint against Judge Gonzalez for prosecution and that Davis appears to impose responsibility onto Montoya for Monsivais' decision, which he may not do under § 1983.[49] In response, Davis attempts to assert a supervisory liability against Montoya based on Monsivais' action.[50] He alleges, *inter alia*, that Montoya, as a department head and the direct supervisor of Monsivais, failed to train her, ensure her adherence to the policies and procedures of the District Attorney's Office, failed to implement constitutionally-based policies and procedures for his staff to follow in accepting or declining cases, and so on.[51]

The Supreme Court has said that "where a prosecutor is entitled to absolute immunity for certain conduct, a supervisory prosecutor should likewise be entitled to absolute immunity for supervision or training of that same conduct." *Hoffman v. Off. of State Att'y, Fourth Jud. Cir.*, 793 F. App'x 945, 954 (11th Cir. 2019) (citing *Van de Kamp v. Goldstein*, 555 U.S. 335, 340, 345–46 (2009)); *see also Van de Kamp*, 555 U.S. at 340, 346–49 (holding that supervisory prosecutors were absolutely immune from suits for acts undertaken in relation to an individual trial, where the plaintiff alleged, *inter alia*, that supervisory prosecutors failed to adequately train and supervise the office's prosecutors). Thus, because Monsivais enjoys absolute prosecutorial

---

[49] DA's Mot. at 4–5.

[50] Pl.'s Resp. to DA's Mot. at 5–6.

[51] *Id.*

immunity for her decision not to prosecute Judge Gonzalez, so too does Montoya as her supervisor and the department head.

The Court concludes that because Davis's claims against the DA Attorneys are barred by prosecutorial immunity, they are subject to dismissal with prejudice. *See Kivisto v. Soifer*, 587 F. App'x 522, 524 (11th Cir. 2014) ("Absolute prosecutorial immunity is an affirmative defense that the party pleading it must prove. The district court may dismiss a complaint with prejudice on the basis of the immunity defense if a Rule 12(b)(6) motion demonstrates that the complaint, with all of its allegations accepted as true, indisputably establishes the factual foundation of the defense."); *accord, e.g.*, *Toliver v. Ramsey*, No. 4:20-CV-00495-SDJ-CAN, 2021 WL 2878549, at *5 n.6 (E.D. Tex. Apr. 13, 2021) (dismissal with prejudice on prosecutorial immunity ground); *Dyer v. Jones*, No. CV H-25-2686, 2025 WL 2711503, at *6 (S.D. Tex. Sept. 22, 2025) (same).

## IV. CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that Defendants District Attorney James Montoya and Assistant District Attorney Amy Monsivais's Motion to Dismiss under Rule 12(b)(1) and (6) (ECF No. 12) be **GRANTED**.

**IT IS THEREFORE RECOMMENDED** that Plaintiff Roy Davis's claims against District Attorney James Montoya and Assistant District Attorney Amy Monsivais be **DISMISSED**.

**So ORDERED and SIGNED this 25th day of August 2026.**

**ANNE T. BERTON**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE**

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THE FOREGOING REPORT, WITHIN FOURTEEN DAYS OF SERVICE OF SAME, MAY BAR DE NOVO DETERMINATION BY THE DISTRICT JUDGE OF AN ISSUE COVERED HEREIN AND SHALL BAR APPELLATE REVIEW, EXCEPT UPON GROUNDS OF PLAIN ERROR, OF ANY UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS AS MAY BE ACCEPTED OR ADOPTED BY THE DISTRICT COURT.**